UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TREVOR BAUER,

      **Plaintiff,**

v.                                                Civil Action 2:23-mc-29
                                                    Judge Michael H. Watson
                                                    Magistrate Judge Chelsey M. Vascura

LINDSEY C. HILL,

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Lindsey C. Hill's Motion for Contempt Arising out of Subpoena in Case No. 8:22-cv-00868 in the United States District Court, Central District of California, Southern Division (ECF No. 3). For the following reasons, the Motion for Contempt is **TRANSFERRED** to the Central District of California pursuant to Federal Rule of Civil Procedure 45(f).

                I.        BACKGROUND

The subpoena in question arises out of underlying litigation pending in the Central District of California, captioned *Trevor Bauer v. Lindsey C. Hill, et al.*, No. 8:22-cv-868 (the "California litigation"). Defendant Hill initially issued a subpoena seeking document production and deposition testimony from a non-party witness, identified as "M.R.," on June 1, 2023. Plaintiff Bauer filed a motion to quash the subpoena in the California litigation; that motion was denied on June 28, 2023. Hill then issued an amended subpoena on July 14, 2023, seeking production of documents and M.R.'s deposition on August 17, 2023, via Zoom. Hill's counsel

avers that M.R. was personally served with the subpoena on July 15, 2023, and that Hill's counsel made several unsuccessful attempts to speak with an attorney that Hill had reason to believe may represent M.R. (*See* Kaplan Decl. ¶¶ 7–12, ECF No. 3, PAGEID #13.) On August 17, 2023, M.R. failed to appear for her deposition. (*See* Certificate of Non-Appearance, ECF No. 3, PAGEID #44–49.) At a subsequent discovery conference on September 11, 2023, the California court "overrule[d] all objections to the deposition being taken at all." (*See* Tr. 4, ECF No. 3, PAGEID #54.) The California Court also expressed that an application to transfer the subject motion to the Central District of California may be appropriate. (*Id.*)

Hill filed the subject Motion for Contempt on September 19, 2023. (ECF No. 3.) Hill asks that "if M.R. fails to purge herself of this contempt within 30 days of the Court's Order finding her in contempt, that she then be assessed Hill's costs and fees incurred by reason of her contemptuous conduct as to be set forth in a supplemental filing." (Mot. 2, ECF No. 3.) Hill alternatively requests that this Motion be transferred to the Central District of California as provided in Federal Rule of Civil Procedure 45(f). (*Id.*) Discovery in the California litigation closed on September 1, 2023, but the California Court is "holding in abeyance a request to extend the discovery cutoff while the issues relating to enforcement of the subpoena to M.R. are resolved." (*Id.* at 4.)

## II.     STANDARDS GOVERNING SUBPOENAS

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Rule 45 permits the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Rule 45(f) also permits the transfer of a subpoena-related motion "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed.

2

R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). In determining whether exceptional circumstances exist, courts should consider "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Parker Compound Bows, Inc. v. Hunter's Mfg. Co. Inc.*, No. 5:15-MC-00064, 2015 WL 7308655, at *1 (N.D. Ohio Nov. 19, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). The Court must then weigh those circumstances against the interests of the nonparty in obtaining local resolution of the motion. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas."). The decision whether to transfer a motion under Rule 45(f) is discretionary and may be made either on motion or *sua sponte*. *See, e.g.*, *F.T.C. v. A+ Fin. Ctr., LLC*, No. 1:13-MC-50, 2013 WL 6388539, *6 (S.D. Ohio Dec. 6, 2013); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018).

### III. ANALYSIS

The undersigned finds that transferring the Motion for Contempt to the Central District of California pursuant to Rule 45(f) is appropriate. That Court is in a much better position to assess the prejudice to Hill caused by M.R.'s failure to appear at her deposition and what sanctions are warranted for that failure. The Central District of California has presided over the California litigation for seventeen months and has adjudicated several previous discovery disputes, including the permissibility of M.R.'s deposition, and is intimately familiar with the underlying facts and legal issues in the case. Judicial economy would be served by having all discovery

disputes resolved by the same court. *See A+ Fin. Ctr.*, 2013 WL 6388539 at*3 (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results").

Further, the September 1, 2023 discovery deadline in the California litigation has recently expired, and the California court is holding in abeyance a motion to extend the discovery deadline pending resolution of the subject motion. (*See* Mot. 4, ECF No. 3.) In such circumstances, "[t]ransfer can be appropriate when it would avoid interference with a time-sensitive discovery schedule issued in the underlying action." *Gov't Emps. Health Ass'n v. Actelion Pharms., Ltd.*, No. 2:22-MC-37, 2022 WL 5414401, at *2 (S.D. Ohio Oct. 7, 2022) (quoting *Lipman v. Antoon*, 284 F. Supp. 3d 8, 12 (D.D.C. 2018)). Such is the case here. *See*, *e.g.*, *Deman Data Sys. v. Schweikert*, No. CV 14-199-DLB-CJS, 2015 WL 12977016, at *2–3 (E.D. Ky. Jan. 12, 2015) (transferring under Rule 45(f), expressing "concern[ ] that a ruling on the pending Motion to Compel may disrupt the [issuing court's] case schedule").

Finally, the burden on nonparty M.R. of having this dispute adjudicated by the Central District of California will be slight. Rule 45(f) allows counsel for M.R. to file papers and appear on the Motion to Compel as officer of the Central District of California. Further, it is unlikely that any travel will be required of Ohio-based counsel, as several discovery-related conferences in the California litigation have been held via telephone conference. *See also Hayward Prop., L.L.C. v. Commonwealth Land Title Ins. Co.*, No. 20-50286, 2020 WL 3104288, at *2 (E.D. Mich. June 11, 2020) (transferring pursuant to Rule 45(f) and noting burden on nonparty would be minimal due to courts' widespread use of video- and teleconferencing in the wake of COVID-

19). Thus, the undersigned finds any burden of transfer on M.R. to be outweighed by the exceptional circumstances outlined *supra*.

## IV.   DISPOSITION

For the reasons set forth above, the Clerk is **DIRECTED** to **TRANSFER** Hill's Motion for Contempt to the Central District of California, Southern Division, *Trevor Bauer v. Lindsey C. Hill, et al.*, No. 8:22-cv-868, and close this miscellaneous action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE